UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID J. ELKINS,

    Plaintiff,

v.                                                    CASE NO.: 8:11-cv-2018-T-23AEP

UNITED STATES OF AMERICA,

    Defendant.
_____/

**<u>ORDER</u>**

David Elkins sues the United States under the Federal Tort Claims Act ("FTCA"). The United States moves (Doc. 27) to dismiss.

The pertinent facts appear in a March 28, 2012, order in this action and in a July 19, 2012, order in *Elkins v. Elenz*, 8:11-cv-2817 (M.D. Fla.). The focus of this order is Elkins's allegation in a second amended complaint ("the complaint") that United States agents transgressed Sections 395.3025(4)(d) and 934.42, Florida Statutes, by seizing one of Elkins's medical records and by watching Elkins from a plane.

The FTCA constitutes a partial waiver of the United States' sovereign immunity. Under the FTCA, the United States suffers liability for the negligence of a federal employee acting within the scope of employment when the United States, if a

private person, would suffer liability under the law of the state in which the negligence occurs. *Maradiaga v. United States*, 679 F.3d 1286, 1292 (11th Cir. 2012).

Section 395.3025(4)(d) restricts law enforcement's ability to obtain a medical record from a hospital or a surgery center. *See Hendley v. State*, 58 So.3d 296, 298 (Fla. 2d DCA 2011). The complaint, however, alleges that the United States obtained a medical record directly from Elkins. Section 934.42 governs the installation and use by law enforcement of an electronic tracking device, but the complaint alleges only that an agent watched Elkins from a plane. Further, Elkins cites no authority showing that a person may pursue a civil remedy for a violation of either section. Although a violation of Section 395.3025(4)(d) or Section 934.42 may result in the suppression of evidence at a criminal trial, no other remedy appears authorized. *Cf. State v. Johnson*, 814 So.2d 390, 394 (Fla. 2002).

Elkins remains far short of stating a claim for relief. The motion (Doc. 27) is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**. The clerk is directed to close the case.

ORDERED in Tampa, Florida, on July 19, 2012.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE